(122 So. 26)

**MALONE, Judge of Probate, v. JONES.**
(7 Div. 858.)

Supreme Court of Alabama.    April 18, 1929.

John B. Isbell and Leonard Crawford, both of Fort Payne, and O. D. Street & Son, of Birmingham, for appellant.

Chas. J. Scott, of Fort Payne, for appellee.

GARDNER, J. The name of E. N. Jones was omitted from the published list of qualified electors of De Kalb county in 1928, and he instituted mandamus proceedings to require the probate judge to enter his name thereon. Under consideration of the cause for final hearing on proof, the court below granted the relief sought by the petition, and, from the judgment rendered, respondent has prosecuted this appeal.

■ From the action of the court in overruling demurrer to petitioner's replication No. 1 to respondent's answer, it would seem the view was entertained that, as petitioner's name was on the certified list for the year 1926, and no change of status since said date, this fact was conclusive of his right to have his name upon the list for the year 1928. This view overlooks the express provisions of section 387, Code of 1923, requiring the probate judge to make a correct alphabetical list of the qualified electors each two years by a comparison with the poll tax list and "other available information," and very clearly under this statute, if petitioner's name should be found to have been erroneously placed on the list in 1926, the error is subject to correction in the list of 1928.

This statute also provides for a publication of the list of qualified electors, duly certified, and with notice that any duly registered voter "whose name has been inadvertently or through mistake omitted therefrom and who has paid all poll taxes due and who is legally entitled to vote shall have ten days from said publication to have his or her name entered upon said list of qualified voters." The statute proceeds: "If within such ten days any voter shall reasonably satisfy said judge of probate by proper proof that any name should be added to such list, his or her name shall be added thereto."

A clearly defined remedy is thus given the voter to have his name added to the list, with an equally clear expression that the burden is upon him to "reasonably satisfy the judge of probate by proper proof" that he is entitled to such relief.

■ From a denial of such application, no review is provided by the statute, and we are of the opinion that a review by mandamus is available to such an applicant; the burden resting upon him to show an arbitrary action of the official. Foshee v. State, 210 Ala. 155, 97 So. 565; Ex parte Cairns, 209 Ala. 358, 96 So. 246; 38 C. J. 571, 572. Such proceedings being in the nature of a contest, with the probate judge himself designated as the official to be reasonably satisfied by proper proof, we are inclined to the opinion that the hearing and determination of such application constitutes a nondelegable duty (33 C. J. 961; section 9592, Code of 1923), but, as the result here turns upon another point, that question may be left undetermined. The following from the text of 38 C. J. 575, states a well-recognized rule of law fully sustained by the authorities: "In order to authorize the issuance of a writ of mandamus it is essential that the relator should have performed all acts which are made a condition precedent to his right to the relief sought, and to show the existence of all facts necessary to put respondent in default."

■ Petitioner, seeking as here the enforcement of a private right as distinguished from a mere public duty on the part of the official, is required to first make a demand. State ex rel. Davis v. Curtis, 210 Ala. 1, 97 So. 291. But, in the instant case, a mere demand was not all that was required, for the statute prescribes that he must offer "proper proof." The utmost that may be said for petitioner in this regard is that he spoke to the chief clerk in the probate office concerning his omission from the 1928 list, and called attention to the fact that he was on the list for 1926. There is no pretense in the evidence that any actual proof was offered to show that he had been improperly omitted from the list.

As previously noted from the language of the statute, this was the foundation of his case, the condition precedent to relief in this action, and we conclude from the evidence

238

that petitioner relied largely upon the fact that his name had theretofore appeared on the list, which, as heretofore stated, is an erroneous conception of the law.

We conclude therefore that the trial court erred in granting petitioner relief, and the judgment will accordingly be here reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.